IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JANE DOE (S.D.), an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>G6 HOSPITALITY LLC; G6 HOSPITALITY IP LLC; G6 HOSPITALITY PROPERTY LLC; G6 HOSPITALITY PURCHASING LLC; G6 HOSPITALITY FRANCHISING, LLC; MOTEL 6 OPERATING L.P.; and SAPPHIRE HOSPITALITY, LLC,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:24-CV-00452<br>JUDGE MICHAEL J. TRUNCALE |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S CORRECTED MOTION TO STAY PROCEEDINGS PENDING MEDIATION**

Before the Court is Plaintiff Jane Doe (S.D.) ("Plaintiff")'s Corrected Motion to Stay Proceedings Pending Mediation ("Motion") [Dkt. 73]. The Court has considered the Motion, all other relevant filings, and the applicable law. For the reasons stated below, the Court **GRANTS** Plaintiff's Corrected Motion to Stay Proceedings Pending Mediation.

Plaintiff's counsel represent numerous individual plaintiffs against the G6 Defendants in eight different cases before this Court. *Id.* at ¶ 1. Jones Day represents the G6 Defendants in six of those cases.[1] *Id.* The parties in each of those cases have entered complex mediation discussions with a private, third-party mediation firm. *Id.* at ¶ 7. Counsel for Plaintiff filed this opposed motion seeking to stay the case until December 4, 2026,[2] and expects to file the same motion in their other

[1] Plaintiff erroneously attributed Jones Day's representation to all eight cases, but clarified the mistake after the G6 Defendants identified the error. [Dkt. 72 at 1; Dkt. 74 at 2].

[2] Plaintiff asks for a stay until "December 4, 2027," but then clarifies that that date is "approximately 90 days from the date of this Motion". [Dkt. 73 at ¶ 8]. Given the context that the Motion was filed on September 30, 2026, and that Plaintiff's proposed order lists December 4, 2026, as the deadline, the Court understands the Plaintiff as seeking a stay until December 4, 2026—which is 65 days after September 30, 2026.

pending G6 cases. *Id.* at ¶¶ 8, 10. Plaintiff argues that this brief, temporary stay will facilitate mediation by saving resources and allowing the parties to focus on the settlement discussions. *Id.* at 4–5. The G6 Defendants oppose the Motion on the grounds that Plaintiff has not demonstrated a genuine necessity for the stay. *See generally* [Dkt. 72]. Having considered the parties' arguments and relevant case law, the Court grants Plaintiff's Motion.

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). "Management of the Court's docket requires 'the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *ExitExchange Corp. v. FriendFinder Networks, Inc.*, No. 2:13-396-JRG et al., 2014 WL 12600836, at *1 (E.D. Tex. Mar. 31, 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Fifth Circuit courts analyze three factors when ruling on motions to stay: (1) whether the nonmovant will be prejudiced should a stay issue; (2) whether the movant will be harmed absent a stay; and (3) "the interests of judicial economy and efficiency." *Wapp Tech Ltd. P'ship v. Apple Inc.*, No. 4:25-cv-230, 2026 WL 1195045, at *6 (E.D. Tex. May 1, 2026) (Mazzant, C.J.) (citations omitted).

The Court finds that the first factor favors the brief stay. The G6 Defendants assert that a stay would prejudice them in two of their other cases before the Court because the G6 Defendants have a pending motion to dismiss in one case, and may soon "renew their request for dismissal" in the other. [Dkt. 72 at 1]. But these cases are not before the Court while ruling on this Motion. Indeed, the present case contains no pending motions to dismiss or other case-dispositive motions. Therefore, the G6 Defendants' reliance on other cases to show prejudice is unavailing.

Moreover, the Court finds that Plaintiff's requested stay is of reasonable duration. Courts in this district are more amenable to granting brief, temporary stays than long-term or indefinite

ones. *See, e.g.*, *ExitExchange Corp.*, 2014 WL 12600836, at *4 (granting a motion to stay, but modifying it to make it brief and temporary); *Traffic Information, LLC v. Huawei Techs. Co., Ltd.*, No. 2:10-cv-145 et al., 2012 WL 12892435, at *4 (E.D. Tex. May 30, 2012) (granting a stay of "limited duration" and emphasizing that the stay's limited nature was key). Here, Plaintiff's requested stay is both brief and temporary—only 65 days from the date of the Motion. [Dkt. 73 at ¶ 8]. Such a short stay is unlikely to disturb the parties' August 2027 trial date or meaningfully hamper litigation efforts should the ongoing settlement discussions prove fruitless. *See* [Dkt. 70]. Therefore, the first factor favors a stay.

The second factor does not necessarily favor a stay. Plaintiff did not address whether she would be harmed absent a stay. *See generally* [Dkt. 73]. However, given the moderate nature of the requested stay, the Court does not find that this weighs heavily against granting the Motion.

Finally, the third factor weighs in favor of a stay. Plaintiff explicitly appeals to judicial economy, arguing that a stay will not only save time and money, but also increase the effectiveness of the settlement discussions because the parties will have a reprieve from litigation deadlines. *Id.* at 4–5. The G6 Defendants claim that Plaintiff "has failed to even argue why a stay would be necessary," cite caselaw for the proposition that economic concerns do not justify a stay, and rely again on their actual and potential motions to dismiss in two other cases. [Dkt. 72 at 3].

Plaintiff's Motion belies the claim that she failed to argue why a stay is necessary: at least four paragraphs discuss the purposes and benefits of the requested stay. [Dkt. 73 at 3–5, 7]. Further, although economic concerns alone cannot justify a stay, Plaintiff appeals to more than just money in her Motion—she also explains that temporal concerns and an interest in facilitating the mediation discussions are also reasons why the stay is desirable. *Id.* at 4–5. Lastly, for the reasons

stated *supra*, the Court will not consider an argument predicated on filings that are not part of the present case. The third factor thus weighs in favor of a stay.

Therefore, for the reasons stated above, the Court **GRANTS** Plaintiff's Corrected Motion to Stay Proceedings Pending Mediation [Dkt. 73]. It is **ORDERED** that all actions and deadlines in this action are **STAYED** until December 4, 2026. The parties are further **ORDERED** to file a Status Report on December 4, 2026.

**SIGNED this 26th day of October, 2026.**

Michael J. Truncale
United States District Judge